In the Matter of the Estate of GEORGE S. MINNISS, Deceased.

Surrogate's Court, Erie County, March 2, 1955.

*John Dominick* for Harold S. Fisher and another, as executors of George S. Minniss, deceased, petitioners.

*Harold B. Ehrlich* for State Tax Commission.

YEAGER, S. The Surrogate has no authority to waive interest, if the estate tax is not paid within eighteen months after its accrual and no extension has been secured for its payment.

The terms of the tax statute cannot be varied by the Surrogate. It must be enforced as written. (Tax Law, § 249-z, subd. 1.)

No court possesses any inherent power to vary the terms of an express statute. (*Matter of Zweig*, 145 Misc. 839; *Matter of Suderov*, 274 N. Y. 525.)

The tax imposed by this article shall be due and payable at the time of the decedent's death, and this fact is not altered by reason of the circumstance that the new owner does not assume actual possession of the property transmitted, or is even unaware of it, provided only that possession is subsequently assumed.

Authority is conferred by statute upon the Surrogate to reduce the interest from 10% to 6% upon a showing that a delay in pay-

ment was due to unavoidable cause. The record here indicates that even with the exercise of due diligence, the assets in question could not have been discovered by the executors. Accordingly, relief for a reduction of the penalty from 10% to 6% is granted.

The motion for a full remission of the 10% penalty is denied.

An order may enter in accordance with this decision, on notice.